

# NUMBER 13-23-00435-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN THE INTEREST OF M.R.B., A CHILD

---

On appeal from the 36th District Court
of San Patricio County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Chief Justice Contreras**

Appellant W.B.[1] appeals the trial court's judgment involuntarily terminating his parental rights with respect to minor child M.R.B.[2] *See* TEX. FAM. CODE ANN. § 161.001. We affirm.

---

[1] We refer to appellant and the child by initials in accordance with the rules of appellate procedure. *See* TEX. R. APP. P. 9.8(b)(2).

[2] The trial court's judgment also involuntarily terminated the parental rights of M.R.B.'s biological mother, who is not a party to this appeal.

# I. ANDERS BRIEF

W.B.'s court-appointed appellate counsel has filed a brief stating that she has diligently reviewed the entire record but "is unable to identify any nonfrivolous grounds for appeal." *See Anders v. California*, 386 U.S. 738 (1967); *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief."). Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *see also In re N.F.M.*, 582 S.W.3d 539, 543–44 (Tex. App.—San Antonio 2018, no pet.) (discussing the requirements of an *Anders*-type brief in an appeal from a final order terminating parental rights).

Counsel has informed this Court in writing that she has: (1) notified W.B. that she has filed an *Anders* brief and a motion to withdraw; (2) provided W.B. with copies of both pleadings; (3) informed W.B. of his rights to file a pro se response,[3] to review the record preparatory to filing that response, and to seek review if we conclude that the appeal is

---

[3] In the criminal context, the Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding).

frivolous; and (4) supplied W.B. with a form motion for pro se access to the appellate record. *See Anders*, 386 U.S. at 744. More than an adequate time has passed, and W.B. has filed neither a motion for pro se access to the record nor a pro se response.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see also In re G.M.*, No. 13-08-00569-CV, 2009 WL 2547493, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 20, 2009, no pet.) (mem. op.). We have reviewed the entire record and counsel's brief, and we have found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). We have specifically reviewed the trial court's findings under parts (D) and (E) of family code § 161.001(b)(1), and we have found no non-frivolous issues that could be raised on appeal with respect to those findings. *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (per curiam) (holding that "due process and due course of law requirements mandate that an appellate court detail its analysis for an appeal of termination of parental rights under [§] 161.001(b)(1)(D) or (E) of the Family Code").

## III.    MOTION TO WITHDRAW

W.B.'s counsel has filed an amended motion to withdraw.[4] *See Anders*, 386 U.S.

---

[4] Counsel further requests, should this Court identify any non-frivolous grounds for appeal, that "the deadline to submit a brief on the merits be extended and [appellant] be appointed new counsel." In light of our conclusion herein, counsel's request is denied as moot.

at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant."). However, when an *Anders* brief is filed in a parental termination appeal, the appellant's right to appointed counsel extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam) (citing TEX. FAM. CODE ANN. § 107.013(a)(1)). Thus, in the absence of additional grounds for withdrawal, a motion to withdraw brought in the court of appeals may be premature. *Id.* Counsel is permitted to withdraw only for good cause, and counsel's belief that the client has no grounds to seek further review from the court of appeals' decision does not constitute good cause. *Id.*

Here, counsel's amended motion does not show "good cause" for withdrawal other than her inability to identify any nonfrivolous grounds for appeal. Accordingly, counsel's amended motion to withdraw is denied. *See id.*[5]

### IV. CONCLUSION

We affirm the trial court's judgment. Any other pending motions are denied as moot.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
22nd day of February, 2024.

---

[5] The Texas Supreme Court has noted that, in cases such as this, "appointed counsel's obligations [in the supreme court] can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (per curiam).